JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-6478-DMG (MAR)** | Date | November 27, 2024 |
|---|---|---|---|

| Title | *Marcel Douglas Ford v. R. Dillingham, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On July 30, 2024, Plaintiff Marcus Ford filed a civil rights complaint and request to proceed *in forma pauperis* ("IFP") in this action. [Doc. ## 1, 2.] In response to the Court's screening order, Ford filed an amended complaint on September 20, 2024. [Doc. # 5.] The Court issued an order on October 10, 2024, however, explaining that the Court could not grant Ford's IFP application because he had not filed his prison trust account statement for the past six months or had the authorized officer at his institution complete the "certificate of authorized officer" section of the form. [Doc. # 6 at 1.] The Court therefore deferred ruling on the IFP request and directed Ford to file the necessary materials by November 11, 2024 (or pay the $405 filing fee). *Id.* The Court specifically warned Ford that failure to comply could result in dismissal of the action without prejudice for failure to prosecute or to comply with a court order. Ford has not timely complied with the Court's Order or filed any additional materials in response to the Order. He appears to have abandoned the case.

Five factors apply when considering whether to dismiss an action for failure to prosecute or comply with a Court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). These factors all favor dismissal here. Ford's failure to litigate this action notwithstanding the Court's explanation and opportunity to correct the deficiencies with his IFP application weighs in favor of dismissal. It appears Ford does not intend to or cannot litigate this action or comply with the Court's instructions. Dismissal will not prejudice the defense at this early stage. Nor will maintaining this action result in a disposition on the merits, in light of Ford's lack of prosecution. Finally, the Court has already attempted less drastic measures.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-6478-DMG (MAR)** | Date | November 27, 2024 |
|---|---|---|---|
| Title | *Marcel Douglas Ford v. R. Dillingham, et al.* | Page | 2 of 2 |

Accordingly, the Court **DISMISSES** this action without prejudice for failure to prosecute and to comply with a court order. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.